Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
100 Mulberry Street
4 Gateway Center
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs*
*Vifor (International) AG and*
*American Regent, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XIROMED PHARMA ESPAÑA, S.L. and XIROMED LLC <br><br> Defendants. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vifor (International) AG ("Vifor") and American Regent, Inc. ("American Regent") (collectively, "Plaintiffs"), by their attorneys, through this Complaint hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Xiromed Pharma España, S.L. ("Xiromed Pharma") and Xiromed, LLC ("Xiromed") (collectively "the Xiromed Defendants," or

"Defendants").  This action relates to Abbreviated New Drug Application ("ANDA") No.
220469, filed by the Xiromed Defendants with the U.S. Food and Drug Administration ("FDA")
for approval to market a generic version of Plaintiff's Injectafer®, ferric carboxymaltose injection
(500 mg Iron /10 mL; 1000 mg Iron /20 mL) ("Xiromed's ANDA Products") prior to the
expiration of United States Patent Nos. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702
patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091
patent"); and 11,478,502 ("the '502 patent").  The '109, '702, '612, '260, '091, and '502 patents
are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations
("Orange Book") for Injectafer®.

## THE PARTIES

2.      Plaintiff Vifor is a company organized and existing under the laws of Switzerland,
having a principal place of business at Rechenstraβe 37, CH-9001, St. Gallen, Switzerland.

3.      Vifor is engaged in the business of creating, developing, and bringing to market
revolutionary drug products, including treatments for iron deficiency anemia.

4.      Plaintiff American Regent is a corporation organized and existing under the laws
of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New
York 11967.  American Regent was formerly known as "Luitpold Pharmaceuticals, Inc.," until
January 2, 2019, when its New York Certificate of Incorporation was amended to change the
name of the corporation to "American Regent, Inc."

5.      American Regent was involved in the design and development of Injectafer®.
American Regent markets, distributes, and sells injectable pharmaceutical drug products,
including Injectafer®, in this judicial district and throughout the United States.

6.      On information and belief, Defendant Xiromed Pharma is a company organized
and existing under the laws of Spain, with a place of business at Calle de Manuel Pombo

Angulo, 28, 3rd floor, 28050, Madrid, Spain.

7.      On information and belief, Xiromed Pharma itself, and through its subsidiary and agent Xiromed, develops, manufactures, and/or distributes generic drug products for marketing, sale, and/or use throughout the United States, including in this judicial district.

8.      On information and belief, Xiromed is a limited liability company organized and existing under the laws of the State of New Jersey and is registered to conduct business in the State of New Jersey, with its principal place of business at 180 Park Ave, Suite 101, Florham Park, New Jersey 07932.

9.      On information and belief, Xiromed is a wholly owned subsidiary of Xiromed Pharma and is controlled and/or dominated by Xiromed Pharma.  On information and belief, Xiromed Pharma established Xiromed for the purposes of developing, manufacturing, and distributing its generic drug products throughout the United States, including in this judicial district.  On information and belief, Xiromed develops, manufactures, and/or distributes generic drug products for marketing, sale, and/or use throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11.      On information and belief, this Court has personal jurisdiction over Xiromed, under the New Jersey state long arm statute and consistent with due process of law, because Xiromed maintains its principal place of business in New Jersey.

12.      On information and belief, this Court has personal jurisdiction over Xiromed Pharma, under the New Jersey state long arm statute and consistent with due process of law

because Xiromed Pharma has extensive contacts with the State of New Jersey, including through its subsidiary Xiromed, and regularly does business in this judicial district, including through its subsidiary Xiromed.  Further, the Xiromed Defendants plan to sell their ANDA product in the State of New Jersey, which provides an independent basis for personal jurisdiction here.

13.     Xiromed Pharma has previously availed itself of the legal protections of the State of New Jersey by, among other things, selecting the State of New Jersey as the principal place of business for Xiromed, admitting to jurisdiction in this judicial district, and/or pursuing counterclaims in this judicial district.  *See, e.g.*, *American Regent Inc. v. Xiromed LLC et al.*, Civil Action No. 25-00723 (D.N.J.) (Xiromed Pharma and Xiromed did not contest personal jurisdiction and asserted counterclaims); *Merck Sharp & Dohme B.V. et al. v. Xiromed Pharma Espaa, S.L. et al.*, Civil  Action No. 25-02254 (D.N.J.) (same); *In Re Selenious Acid Litigation.*, Civil Action No. 24-07791 (D.N.J.) (same); *Fresenius Kabi USA, LLC, v. Xiromed Pharma Espana, S.L. and Xiromed LLC.*, Civil Action No. 22-06220 (D.N.J.) (Xiromed Pharma and Xiromed did not contest personal jurisdiction ).

14.     On information and belief, Xiromed Pharma and Xiromed are subject to personal jurisdiction in New Jersey because they regularly do or solicit business in New Jersey, engage in other persistent courses of conduct in New Jersey, and/or derive substantial revenue from services or things used or consumed in New Jersey, demonstrating that Xiromed Pharma and Xiromed have systematic and continuous contacts with this judicial district.

15.     On information and belief, Xiromed Pharma and Xiromed purposefully have conducted and continue to conduct business in this judicial district by manufacturing, importing, marketing, and distributing pharmaceutical products, including generic drug products, either alone or through their parent corporation, subsidiaries, and/or affiliates, throughout the United

States, including in this judicial district.  The Xiromed Defendants further intend to sell their generic ANDA products in the State of New Jersey.

16.     On information and belief, Xiromed is registered to do business in the State of New Jersey under Entity Identification Number 0600430486, and Xiromed is also licensed to do business with the New Jersey Department of Health as a "Manufacturer and Wholesale[r]" of pharmaceuticals in the State of New Jersey.  Moreover, on information and belief, Xiromed has appointed a registered agent in New Jersey for the receipt of service of process.

17.     On information and belief, Xiromed Pharma and Xiromed are subject to personal jurisdiction in this judicial district through their pursuit of regulatory approval for Xiromed's ANDA Products for the commercial manufacture, use, and/or sale of Xiromed's ANDA Products, if approved, in this judicial district and to residents of this judicial district.  Through at least these activities, Xiromed Pharma and Xiromed have purposely availed themselves of the rights and benefits of New Jersey law such that they should reasonably anticipate being hailed into court in this judicial district.

18.     On information and belief, consistent with their past practices, Xiromed Pharma and Xiromed acted collaboratively in the preparation and submission of ANDA No. 220469.

19.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 220469, Xiromed Pharma and Xioromed will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 220469 throughout the United States and/or import such generic drug products into the United States, including in this judicial district.

20.     On information and belief, if ANDA No. 220469 is approved, Xiromed's ANDA Products will be marketed, distributed, offered for sale, and/or sold in New Jersey; prescribed by

physicians practicing in New Jersey; administered by healthcare professionals located within New Jersey; and/or used by patients in New Jersey, all of which will have a substantial effect on New Jersey.

21.     On information and belief, if ANDA No. 220469 is approved, Xiromed Pharma and Xiromed will import, market, distribute, offer for sale, and/or sell Xiromed's ANDA Products, alone or through their parent corporation, subsidiaries, and/or affiliates in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Xiromed's ANDA Products in the state of New Jersey.

22.     If ANDA No. 220469 is approved, Vifor and American Regent will be harmed by the marketing, distribution, offer for sale, and/sale of Xiromed's ANDA Products, including in New Jersey.

23.     On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) at least because Xiromed has its principal place of business in the State of New Jersey, and has committed acts of infringement in New Jersey.  Xiromed Pharma is a foreign company not residing in any United States judicial district and may be sued in any judicial district.  28 U.S.C. § 1391(c)(3).  Moreover, Xiromed Pharma and Xiromed have litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey.

24.     On information and belief, Xiromed has committed acts of infringement under the meaning of 28 U.S.C. § 1400(b) by submitting ANDA No. 220469 to the FDA, by taking steps indicating its intent to market Xiromed's ANDA Products in New Jersey, and by the acts that it non-speculatively intends to take in New Jersey if Xiromed's ANDA receives final FDA approval.

25.     On information and belief, Xiromed has a regular and established place of

business in New Jersey under the meaning of 28 U.S.C. § 1400(b) because, *inter alia*, its principal place of business is in New Jersey.  As set forth above, on information and belief, Xiromed maintains regular and established places of business in New Jersey, including its headquarters, offices, laboratories, and/or facilities at 180 Park Ave, Suite 101, Florham Park, New Jersey 07932.

26.     On information and belief, Xiromed Pharma and Xiromed have taken steps in New Jersey, including preparing ANDA No. 220469 and communicating with the FDA regarding ANDA No. 220469, that indicate their intent to market Xiromed's ANDA Products. As set forth above, on information and belief, if ANDA No. 220469 is approved, the Xiromed Defendants intend to commit acts of patent infringement in New Jersey, including marketing, distributing, offering for sale, and/or selling Xiromed's ANDA Products.

## **PATENTS-IN-SUIT**

27.     The U.S. Patent and Trademark Office ("PTO") issued the '109 patent, entitled "Water-Soluble Iron-Carbohydrate Complexes, Production Thereof, and Medicaments Containing Said Complexes," on November 3, 2009 to inventors Peter Geisser, Erik Philipp, and Walter Richle.  Vifor is the current assignee of the '109 patent and has the right to enforce it. The '109 patent has been granted an interim extension of patent term for a period of 1 year and expires on February 5, 2026, subject to any other further extensions.  The '109 patent claims, *inter alia*, compositions and methods of making iron carbohydrate complexes.  A true and correct copy of the '109 patent is attached hereto as **Exhibit A**.

28.     The PTO issued the '702 patent entitled "Methods and Compositions For Administration of Iron," on July 13, 2010 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence.  At the time of its issuance, the '702 patent was assigned to Luitpold Pharmaceuticals, Inc., and on January 11, 2019, the assignment records for the '702 patent were

amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to "American Regent, Inc." The Change of Name of the assignee for the '702 patent is recorded by the PTO at Reel 048067, Frame 0271. American Regent is the current assignee of the '702 patent and has the right to enforce it. The '702 patent expires on February 15, 2028. The '702 patent claims, *inter alia*, methods of treating iron deficiency anemia by administering an iron carbohydrate complex. A true and correct copy of the '702 patent is attached hereto as **Exhibit B**.

29.    The PTO issued the '612 patent entitled "Methods and Compositions For Administration of Iron," on November 25, 2014 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. At the time of its issuance, the '612 patent was assigned to Luitpold Pharmaceuticals, Inc., and on January 11, 2019, the assignment records for the '612 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to "American Regent, Inc." The Change of Name of the assignee for the '612 patent is recorded by the PTO at Reel 048067, Frame 0271. American Regent is the current assignee of the '612 patent and has the right to enforce it. The '612 patent expires on January 8, 2027. The '612 patent claims, *inter alia*, methods of treating iron deficiency anemia by the administration of an iron carboxymaltose complex. A true and correct copy of the '612 patent is attached hereto as **Exhibit C**.

30.    The PTO issued the '260 patent entitled "Methods and Compositions For Administration of Iron," on June 21, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. American Regent is the current assignee of the '260 patent and has the right to enforce it. The '260 patent expires on January 8, 2027. The '260 patent claims, *inter alia*, methods of treating iron deficiency or dysfunctional iron metabolism by the administration

of an iron carboxymaltose complex.  A true and correct copy of the '260 patent is attached hereto as **Exhibit D**.

31.    The PTO issued the '091 patent entitled "Methods and Compositions For Administration of Iron," on September 6, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence.  American Regent is the current assignee of the '091 patent and has the right to enforce it.  The '091 patent expires on January 8, 2027.  The '091 patent claims, *inter alia*, methods of treating a disease, disorder, or condition characterized by iron deficiency or dysfunctional iron metabolism by the administration of an iron carboxymaltose complex.  A true and correct copy of the '091 patent is attached hereto as **Exhibit E**.

32.    The PTO issued the '502 patent entitled "Methods and Compositions For Administration of Iron," on October 25, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence.  American Regent is the current assignee of the '502 patent and has the right to enforce it.  The '502 patent expires on January 8, 2027.  The '502 patent claims, *inter alia*, methods of treating iron deficiency anemia and functional iron deficiency by the administration of an iron carboxymaltose complex.  A true and correct copy of the '502 patent is attached hereto as **Exhibit F**.

## NDA NO. 203565 AND INJECTAFER®

33.    American Regent is the owner of New Drug Application ("NDA") No. 203565 for Injectafer® (ferric carboxymaltose), which the FDA approved on July 25, 2013.  The Orange Book lists the NDA holder as "American Regent, Inc.," in accordance with the name change from "Luitpold Pharmaceuticals, Inc." to "American Regent, Inc.," effective January 2, 2019.

34.    In conjunction with NDA No. 203565, American Regent listed with the FDA, *inter alia*, the '109, '702, and '612 patents.  American Regent subsequently timely listed the '260, '091, and '502 patents with the FDA after those patents issued.  All six patents—the '109,

'702, '612, '260, '091, and '502 patents—are currently listed in the Orange Book for Injectafer®.

35.     Injectafer® is covered by one or more claims of each of the '109, '702, '612, '260, '091, and '502 patents.

36.     Injectafer® is currently approved to treat iron deficiency anemia in certain patients and iron deficiency in adult patients with heart failure and New York Heart Association class II/III to improve exercise capacity.  A true and correct copy of the current Injectafer® label is attached as **Exhibit G**.

**THE XIROMED DEFENDANTS' INFRINGING ANDA SUBMISSION**

37.     Plaintiffs and/or Plaintiffs' counsel received a letter from the Xiromed Defendants dated October 8, 2025, purporting to be a "Notice of Paragraph IV Certification Regarding U.S. Patent Nos. 7,612,109 ('the '109 Patent'), 7,754,702 ('the '702 Patent'), 8,895,612 ('the '612 Patent'), 11,364,260 ('the '260 Patent'), 11,433,091 ('the '091 Patent'), and 11,478,502 ('the '502 Patent') . . . [p]ursuant to Section 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)(2)(B)(ii)) and Section 314.95 of the Food and Drug Administration Regulations (21 C.F.R. § 314.95)," regarding, "Abbreviated New Drug Application [No. 220469] for Ferric Carboxymaltose Injection, 500 mg/10 mL (50mg/mL) and 1000 mg/20 mL (50mg/mL) single-dose vials".  ("Xiromed's Notice Letter").

38.     Xiromed's Notice Letter states that the Xiromed Defendants are seeking approval to engage in the commercial manufacture, use, and/or sale of Xiromed's ANDA Products before the expiration of the '109, '702, '612, '260, '091, and '502 patents.

39.     On information and belief, the Xiromed Defendants submitted ANDA No. 220469 to FDA under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to, and intending to, manufacture, use, import, offer to sell, and/or sell Xiromed's ANDA Products,

either by itself or through its parent corporation, subsidiaries, and/or affiliates, throughout the United States before the expiration of the '109, '702, '612, '260, '091, and '502 patents.

40.     On information and belief, each of Xiromed's ANDA Products contains ferric carboxymaltose.

41.     On information and belief, each of the Xiromed Defendants has made, and continues to make, substantial preparation in the United States to manufacture, use, import, offer to sell, and/or sell Xiromed's ANDA Products, either by itself or through its parent corporation, subsidiaries, and/or affiliates, before the expiration of '702 patent.

42.     By filing ANDA No. 220469, and as indicated in Xiromed's Notice Letter, the Xiromed Defendants have represented to the FDA that Xiromed's ANDA Products have the same active ingredient as Injectafer®, have the same dosage forms and strengths as Injectafer®, and are bioequivalent to Injectafer®.

43.     On information and belief, the Xiromed Defendants are seeking approval to market Xiromed's ANDA Products for the same approved indications as Injectafer®.

44.     Xiromed's Notice Letter states that it has attached a "detailed statement of the Factual and Legal Bases of Xiromed Pharma España, S.L.'s Opinion that the '109, '612, '260, '091, '502 and '702 Patents are Invalid, Unenforceable and/or Not Infringed . . . by the manufacture, use, offer for sale, sale, or importation of Xiromed's ANDA product."

## COUNT I (INFRINGEMENT OF THE '109 PATENT)

45.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–44.

46.     The claims of the '109 patent are presumed valid under 35 U.S.C. § 282.

47.     Under 35 U.S.C. § 271(e)(2)(A), the Xiromed Defendants have infringed at least one claim of the '109 patent by submitting, or causing to be submitted to the FDA, ANDA No.

220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products before the expiration date of the '109 patent.  On information and belief, the product described in ANDA No. 220469 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '109 patent under 35 U.S.C. § 271(e)(2)(A).

48.    In Xiromed's Notice Letter, the Xiromed Defendants did not provide any allegation that Xiromed's ANDA Products do not fall within the scope of certain claims of the '109 patent, and therefore admit infringement of at least one claim of the '109 patent.

49.    On information and belief, based on Xiromed's Notice Letter, the absence of any allegation that Xiromed's ANDA Products do not fall within the scope of claims of the '109 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the FDA that Xiromed 's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, the Xiromed Defendants are required to substantially copy the FDA-approved Injectafer® labeling, Xiromed's ANDA Products comprise an aqueous solution of ferric carboxymaltose which is formulated for parenteral application, wherein the ferric carboxymaltose, an iron carbohydrate complex, has a weight average molecular weight of 80,000 to 300,000 daltons, and satisfies all of the limitations of one or more claim of the '109 patent.

50.    On information and belief, the Xiromed Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '109 patent immediately and imminently upon final approval of ANDA No. 220469.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '109 patent would infringe one or more claims of the '109 patent.

51.     On information and belief, upon FDA approval of Xiromed's ANDA Products, the Xiromed Defendants will infringe at least one claim of the '109 patent under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling Xiromed's ANDA Products in the United States, and/or will induce and/or contribute to infringement of one or more claims of the '109 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

52.     On information and belief, the Xiromed Defendants have knowledge of the '109 patent and has filed ANDA No. 220469 seeking authorization to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 220469, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '109 patent by the use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label.

53.     On information and belief, the Xiromed Defendants know and intends that healthcare professionals and/or patients will use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '109 patent with the requisite intent under 35 U.S.C. § 271(b).

54.     Upon information and belief, upon approval, the Xiromed Defendants will take active steps to encourage the use of Xiromed's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '109 patent for the pecuniary benefit of the Xiromed Defendants.  Upon information and belief, the Xiromed Defendants will

thus induce infringement of at least one claim of the '109 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, the Xiromed Defendants have actual knowledge of the '109 patent and will actively induce infringement of the '109 patent immediately and imminently upon approval of its ANDA.

55.     On information and belief, if the FDA approves ANDA No. 220469, Xiromed's ANDA Products will be specifically labeled for use in practicing at least one claim of the '109 patent, wherein Xiromed's ANDA Products are a material part of the claimed invention, wherein The Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products in accordance with the instructions and/or label provided by the Xiromed Defendants in practicing at least one claim of the '109 patent, and wherein Xiromed's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, the Xiromed Defendants will thus contribute to the infringement of at least one claim of the '109 patent under 35 U.S.C. § 271(c).

56.     Upon information and belief, the Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

57.     If the Xiromed Defendants' marketing and sale of Xiromed's ANDA Products prior to the expiration of the '109 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II (DECLARATORY JUDGMENT OF INFRINGMENT OF THE '109 PATENT UNDER 35 U.S.C. §271(g))

58.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–57.

59.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

60.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.  This actual case or controversy requires a declaration of rights by this Court.

61.     The Xiromed Defendants submitted, or caused to be submitted to the FDA, ANDA No. 220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products before the expiration date of the '109 patent.

62.     On information and belief, the Xiromed Defendants will infringe one or more claims of the '109 patent, either literally or under the doctrine of equivalents, by importing, offering to sell, selling, and/or using a product made by a process claimed in the '109 patent, under 35 U.S.C. § 271(g), and will continue to do so unless enjoined by the Court.

63.     On information and belief, if Xiromed's ANDA is approved by the FDA, the Xiromed Defendants will make the ferric carboxymaltose contained within its ANDA Products outside the United States using a process covered by one or more claims of the '109 patent and import that ferric carboxymaltose and/or Xiromed's ANDA Products into the United States and/or offer to sell, sell, or use the ferric carboxymaltose and/or Xiromed's ANDA Products in the United States.

64.     In Xiromed's Notice Letter, the Xiromed Defendants did not provide any allegation that Xiromed's ANDA Products, including the ferric carboxymaltose contained therein, are not made according to the claims of the '109 patent.

65.     On information and belief, based on Xiromed's Notice Letter, the absence of any allegation that Xiromed's ANDA Products do not fall within the scope of claims of the '109 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the

FDA that Xiromed's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®.

66.     On information and belief, the ferric carboxymaltose contained within Xiromed's ANDA Products will not be materially changed by a subsequent process prior to its importation into the United States, nor will it become a trivial and nonessential component of Xiromed's ANDA Products prior to its importation into the United States.

67.     Through at least the foregoing actions, the Xiromed Defendants will infringe at least one claim of the '109 patent under 35 U.S.C. § 271(g).

68.     Although FDA has not approved Xiromed's ANDA, the Xiromed Defendants have made, and will continue to make, substantial preparation in the United States to use, sell, offer to sell, and/or import Xiromed's ANDA Products and/or components of Xiromed's ANDA Products.

69.     Defendants' actions indicate that they do not intend to change their course of conduct.

70.     Upon information and belief, the Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

### COUNT III (INFRINGEMENT OF THE '702 PATENT)

71.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–70.

72.     Claims 4–9, 16–22, 24, 26, 31–40, and 44–57 of the '702 patent are presumed valid under 35 U.S.C. § 282.

73.     Under 35 U.S.C. § 271(e)(2)(A), the Xiromed Defendants have infringed at least one claim of the '702 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's

ANDA Products before the expiration date of the '702 patent. On information and belief, the product described in ANDA No. 220469 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '702 patent under 35 U.S.C. § 271(e)(2)(A).

74.    In Xiromed' Notice Letter, the Xiromed Defendants did not provide any allegation that Xiromed's ANDA Products do not fall within the scope of certain claims of the '702 patent, and therefore admit infringement of at least one claim of the '702 patent.

75.    On information and belief, based on Xiromed's Notice Letter, the absence of any allegation that Xiromed's ANDA Products do not fall within the scope of the claims of the '702 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the FDA that Xiromed's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, the Xiromed Defendants are required to substantially copy the FDA-approved Injectafer® labeling, Xiromed's ANDA Products comprise an iron carboxymaltose complex having a molecular weight of about 100,000 daltons to about 350,000 daltons, and will be used in a method of treating iron deficiency anemia, whereby Xiromed's ANDA Products will be administered intravenously in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of Xiromed's ANDA Products will satisfy all of the limitations of one or more claims of the '702 patent.

76.    On information and belief, the Xiromed Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '702 patent immediately and imminently upon final approval of ANDA No. 220469. The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to

the expiration of the '702 patent would infringe one or more claims of the '702 patent.

77.     On information and belief, upon FDA approval of Xiromed's ANDA Products, the Xiromed Defendants will induce and/or contribute to the infringement of one or more claims of the '702 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

78.     On information and belief, The Xiromed Defendants have knowledge of the '702 patent and has filed ANDA No. 220469 seeking authorization to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 220469, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '702 patent by the use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label.

79.     On information and belief, the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '702 patent with the requisite intent under 35 U.S.C. § 271(b).

80.     Upon information and belief, upon approval, the Xiromed Defendants will take active steps to encourage the use of Xiromed's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '702 patent for the pecuniary benefit of the Xiromed Defendants.  Upon information and belief, the Xiromed Defendants will thus induce infringement of at least one claim of the '702 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, the Xiromed Defendants will have actual

knowledge of the '702 patent and will actively induce infringement of the '702 patent immediately and imminently upon approval of its ANDA.

81.     On information and belief, if the FDA approves ANDA No. 220469, Xiromed's ANDA Products will be specifically labeled for use in practicing at least one claim of the '702 patent, wherein Xiromed's ANDA Products are a material part of the claimed invention, wherein the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products in accordance with the instructions and/or label provided by the Xiromed Defendants in practicing at least one claim of the '702 patent, and wherein Xiromed's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, The Xiromed Defendants will thus contribute to the infringement of at least one claim of the '702 patent under 35 U.S.C. § 271(c).

82.     Upon information and belief, The Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

83.     If the Xiromed Defendants' marketing and sale of Xiromed's ANDA Products prior to the expiration of the '702 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### COUNT IV (INFRINGEMENT OF THE '612 PATENT)

84.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–83.

85.     The claims of the '612 patent are presumed valid under 35 U.S.C. § 282.

86.     Under 35 U.S.C. § 271(e)(2)(A), the Xiromed Defendants have infringed at least one claim of the '612 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products before the expiration date of the '612 patent.  On information and belief, the

product described in ANDA No. 220469 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '612 patent under 35 U.S.C. § 271(e)(2)(A).

87.    On information and belief, based on Xiromed's Notice Letter, the absence of any allegation that Xiromed's ANDA Products do not fall within the scope of the claims of the '612 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the FDA that Xiromed's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, the Xiromed Defendants are required to substantially copy the FDA-approved Injectafer® labeling, Xiromed's ANDA Products comprise an iron carboxymaltose complex having a substantially non-immunogenic carbohydrate component and substantially no cross reactivity with anti-dextran antibodies, and will be used in a method of treating iron deficiency anemia associated with chronic kidney disease and/or heavy uterine bleeding, whereby Xiromed's ANDA Products will be administered in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of Xiromed's ANDA Products will satisfy all of the limitations of one or more claims of the '612 patent.

88.    On information and belief, the Xiromed Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '612 patent immediately and imminently upon final approval of ANDA No. 220469.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '612 patent would infringe one or more claims of the '612 patent.

89.    On information and belief, upon FDA approval of Xiromed's ANDA Products, the Xiromed Defendants will induce and/or contribute to the infringement of one or more claims

of the '612 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

90.     On information and belief, the Xiromed Defendants have knowledge of the '612 patent and has filed ANDA No. 220469 seeking authorization to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 220469, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '612 patent by the use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label.

91.     On information and belief, the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '612 patent with the requisite intent under 35 U.S.C. § 271(b).

92.     Upon information and belief, upon approval, the Xiromed Defendants will take active steps to encourage the use of Xiromed's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '612 patent for the pecuniary benefit of the Xiromed Defendants.  Upon information and belief, the Xiromed Defendants will thus induce infringement of at least one claim of the '612 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, the Xiromed Defendants have actual knowledge of the '612 patent and will actively induce infringement of the '612 patent immediately and imminently upon approval of its ANDA.

93.     On information and belief, if the FDA approves ANDA No. 220469, Xiromed's

ANDA Products will be specifically labeled for use in practicing at least one claim of the '612 patent, wherein Xiromed's ANDA Products are a material part of the claimed invention, wherein the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products in accordance with the instructions and/or label provided by the Xiromed Defendants in practicing at least one claim of the '612 patent, and wherein Xiromed's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, the Xiromed Defendants will thus contribute to the infringement of at least one claim of the '612 patent under 35 U.S.C. § 271(c).

94.    Upon information and belief, the Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

95.    If The Xiromed Defendants' marketing and sale of Xiromed's ANDA Products prior to the expiration of the '612 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT V (INFRINGEMENT OF THE '260 PATENT)**

96.    Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–95.

97.    The claims of the '260 patent are presumed valid under 35 U.S.C. § 282.

98.    Under 35 U.S.C. § 271(e)(2)(A), The Xiromed Defendants have infringed at least one claim of the '260 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products before the expiration date of the '260 patent.  On information and belief, the product described in ANDA No. 220469 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '260 patent under 35 U.S.C. § 271(e)(2)(A).

99.    On information and belief, based on Xiromed's Notice Letter, the absence of any

allegation that Xiromed's ANDA Products do not fall within the scope of the claims of the '260 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the FDA that Xiromed's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, The Xiromed Defendants are required to substantially copy the FDA-approved Injectafer® labeling, Xiromed's ANDA Products comprise an iron carboxymaltose complex having a substantially non-immunogenic carbohydrate component and substantially no cross reactivity with anti-dextran antibodies, and will be used in a method of treating iron deficiency or dysfunctional iron metabolism associated with cardiomyopathy, whereby Xiromed's ANDA Products will be administered intravenously in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of Xiromed's ANDA Products will satisfy all of the limitations of one or more claims of the '260 patent.

100.    On information and belief, the Xiromed Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '260 patent immediately and imminently upon final approval of ANDA No. 220469.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '260 patent would infringe one or more claims of the '260 patent.

101.    On information and belief, upon FDA approval of Xiromed's ANDA Products, the Xiromed Defendants will induce and/or contribute to the infringement of one or more claims of the '260 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

102.    On information and belief, the Xiromed Defendants have knowledge of the '260 patent and has filed ANDA No. 220469 seeking authorization to engage in the commercial

manufacture, use, or sale of Xiromed's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 220469, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '260 patent by the use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label.

103.    On information and belief, the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '260 patent with the requisite intent under 35 U.S.C. § 271(b).

104.    Upon information and belief, upon approval, the Xiromed Defendants will take active steps to encourage the use of Xiromed's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '260 patent for the pecuniary benefit of the Xiromed Defendants.  Upon information and belief, the Xiromed Defendants will thus induce infringement of at least one claim of the '260 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, the Xiromed Defendants have actual knowledge of the '260 patent and will actively induce infringement of the '260 patent immediately and imminently upon approval of its ANDA.

105.    On information and belief, if the FDA approves ANDA No. 220469, Xiromed's ANDA Products will be specifically labeled for use in practicing at least one claim of the '260 patent, wherein Xiromed's ANDA Products are a material part of the claimed invention, wherein the Xiromed Defendants know and intend that healthcare professionals and/or patients will use

Xiromed's ANDA Products in accordance with the instructions and/or label provided by the Xiromed Defendants in practicing at least one claim of the '260 patent, and wherein Xiromed's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Upon information and belief, the Xiromed Defendants will thus contribute to the infringement of at least one claim of the '260 patent under 35 U.S.C. § 271(c).

106.    Upon information and belief, the Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

107.    If The Xiromed Defendants' marketing and sale of Xiromed's ANDA Products prior to the expiration of the '260 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI (INFRINGEMENT OF THE '091 PATENT)

108.    Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–107.

109.    The claims of the '091 patent are presumed valid under 35 U.S.C. § 282.

110.    Under 35 U.S.C. § 271(e)(2)(A), the Xiromed Defendants have infringed at least one claim of the '091 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products before the expiration date of the '091 patent.  On information and belief, the product described in ANDA No. 220469 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '091 patent under 35 U.S.C. § 271(e)(2)(A).

111.    On information and belief, based on Xiromed's Notice Letter, the absence of any allegation that Xiromed's ANDA Products do not fall within the scope of the claims of the '091 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the FDA that Xiromed's ANDA Products are bioequivalent, pharmaceutically equivalent, and

therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, the Xiromed Defendants are required to substantially copy the FDA-approved Injectafer® labeling, Xiromed's ANDA Products comprise an iron carboxymaltose complex, and will be used in a method of treating anemia, whereby Xiromed's ANDA Products will be administered intravenously to a human subject in need thereof in a single dosage unit of at least about 0.7 grams of elemental iron in 15 minutes or less, and the use of Xiromed's ANDA Products will satisfy all of the limitations of one or more claims of the '091 patent.

112.    On information and belief, the Xiromed Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '091 patent immediately and imminently upon final approval of ANDA No. 220469.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '091 patent would infringe one or more claims of the '091 patent.

113.    On information and belief, upon FDA approval of Xiromed's ANDA Products, the Xiromed Defendants will induce and/or contribute to the infringement of one or more claims of the '091 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

114.    On information and belief, the Xiromed Defendants have knowledge of the '091 patent and has filed ANDA No. 220469 seeking authorization to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 220469, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '091 patent by the use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label.

115.    On information and belief, the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '091 patent with the requisite intent under 35 U.S.C. § 271(b).

116.    Upon information and belief, upon approval, the Xiromed Defendants will take active steps to encourage the use of Xiromed's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '091 patent for the pecuniary benefit of the Xiromed Defendants.  Upon information and belief, the Xiromed Defendants will thus induce infringement of at least one claim of the '091 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, the Xiromed Defendants have actual knowledge of the '091 patent and will actively induce infringement of the '091 patent immediately and imminently upon approval of its ANDA.

117.    On information and belief, if the FDA approves ANDA No. 220469, Xiromed's ANDA Products will be specifically labeled for use in practicing at least one claim of the '091 patent, wherein Xiromed's ANDA Products are a material part of the claimed invention, wherein the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products in accordance with the instructions and/or label provided by the Xiromed Defendants in practicing at least one claim of the '091 patent, and wherein Xiromed's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, the Xiromed Defendants will thus contribute to the infringement of at least one claim of the '091 patent under 35 U.S.C. § 271(c).

118.     Upon information and belief, the Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

119.     If the Xiromed Defendants' marketing and sale of Xiromed's ANDA Products prior to the expiration of the '091 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VII (INFRINGEMENT OF THE '502 PATENT)

120.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–119.

121.     The claims of the '502 patent are presumed valid under 35 U.S.C. § 282.

122.     Under 35 U.S.C. § 271(e)(2)(A), The Xiromed Defendants have infringed at least one claim of the '502 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220469 seeking approval to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products before the expiration date of the '502 patent.  On information and belief, the product described in ANDA No. 220469 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '502 patent under 35 U.S.C. § 271(e)(2)(A).

123.     On information and belief, based on Xiromed's Notice Letter, the absence of any allegation that Xiromed's ANDA Products do not fall within the scope of the claims of the '502 patent in Xiromed's Notice Letter, the fact that the Xiromed Defendants have represented to the FDA that Xiromed's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, The Xiromed Defendants are required to substantially copy the FDA-approved Injectafer® labeling, Xiromed's ANDA Products comprise a polynuclear iron (III)-hydroxide 4(R)-(poly-(1→4)-O-α-D-glucopyranosyl)-oxy-2(R),3(R),5(R),6-tetrahydroxy-hexanoate, and will be used in a method of treating iron deficiency anemia or functional iron deficiency and result in increased transferrin

saturation, whereby Xiromed's ANDA Products will be administered intravenously in about 15 minutes or less to an adult human subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of Xiromed's ANDA Products will satisfy all of the limitations of one or more claims of the '502 patent.

124.    On information and belief, the Xiromed Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '502 patent immediately and imminently upon final approval of ANDA No. 220469.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Xiromed's ANDA Products prior to the expiration of the '502 patent would infringe one or more claims of the '502 patent.

125.    On information and belief, upon FDA approval of Xiromed's ANDA Products, the Xiromed Defendants will induce and/or contribute to the infringement of one or more claims of the '502 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

126.    On information and belief, the Xiromed Defendants have knowledge of the '502 patent and has filed ANDA No. 220469 seeking authorization to engage in the commercial manufacture, use, or sale of Xiromed's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 220469, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '502 patent by the use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label.

127.    On information and belief, the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products according to the Xiromed Defendants' provided instructions and/or label in an infringing manner, and will

therefore induce infringement of one or more claims of the '502 patent with the requisite intent under 35 U.S.C. § 271(b).

128.    Upon information and belief, upon approval, the Xiromed Defendants will take active steps to encourage the use of Xiromed's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '502 patent for the pecuniary benefit of the Xiromed Defendants.  Upon information and belief, the Xiromed Defendants will thus induce infringement of at least one claim of the '502 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, the Xiromed Defendants have actual knowledge of the '502 patent and will actively induce infringement of the '502 patent immediately and imminently upon approval of its ANDA.

129.    On information and belief, if the FDA approves ANDA No. 220469, Xiromed's ANDA Products will be specifically labeled for use in practicing at least one claim of the '502 patent, wherein Xiromed's ANDA Products are a material part of the claimed invention, wherein the Xiromed Defendants know and intend that healthcare professionals and/or patients will use Xiromed's ANDA Products in accordance with the instructions and/or label provided by the Xiromed Defendants in practicing at least one claim of the '502 patent, and wherein Xiromed's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, the Xiromed Defendants will thus contribute to the infringement of at least one claim of the '502 patent under 35 U.S.C. § 271(c).

130.    Upon information and belief, the Xiromed Defendants' actions relating to ANDA No. 220469 complained of herein were done by and for the benefit of the Xiromed Defendants.

131.    If the Xiromed Defendants' marketing and sale of Xiromed's ANDA Products

prior to the expiration of the '502 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

1.       A judgment that the claims of the '109, '702, '612, '260, '091, and '502 patents are not invalid or unenforceable, and are infringed by the Xiromed Defendants' submission of ANDA No. 220469 under 35 U.S.C. §271(e)(2)(A), and that the Xiromed Defendants' making, using, offering to sell, or selling in the United States, or importing into the United States, Xiromed's ANDA Products will infringe the '109, '702, '612, '260, '091, and '502 patents under 35 U.S.C. §§ 271(b), (c), (g) and/or (e);

2.       An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval by the FDA of ANDA No. 220469 shall be a date that is not earlier than the latest expiration date of the '109, '702, '612, '260, '091, and '502 patents, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled;

3.       An order permanently enjoining each of the Xiromed Defendants and its parent corporation, affiliates, subsidiaries, and each of its officers, agents, servants, employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Xiromed's ANDA Products until after the last expiration date of the '109, '702, '612, '260, '091, and '502 patents, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283;

4.       Damages or other monetary relief to Plaintiff if the Xiromed Defendants engage in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Xiromed's ANDA Products prior to the latest expiration date of the '109, '702, '612, '260, '091,

and '502 patents, including any extensions and/or additional periods of exclusivity to which

Plaintiff is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(C); and

     5.     Such further and additional relief as this Court deems just and proper, including

any appropriate relief under 35 U.S.C. § 285.

Dated: November 21, 2025                          Respectfully submitted,

                                               **McCARTER & ENGLISH, LLP**

                                  By: _/s/ Cynthia S. Betz_____

Of Counsel:                              Cynthia S. Betz

                                  Mark M. Makhail

Jane M. Love, Ph.D. (*pro hac vice* forthcoming)     Four Gateway Center

Robert Trenchard (*pro hac vice* forthcoming)      100 Mulberry Street

Michael F. Werno                          4 Gateway Center

Pooja Singh (*pro hac vice* forthcoming)        Newark, NJ 07102

**GIBSON, DUNN & CRUTCHER LLP**       973-622-4444

200 Park Avenue                      cbetz@mccarter.com

New York, NY 10166-0193           mmakhail@mccarter.com

212-351-4000

jlove@gibsondunn.com                *Attorneys for Plaintiffs Vifor (International)*

rtrenchard@gibsondunn.com        *AG and American Regent, Inc.*

mwerno@gibsondunn.com

psingh@gibsondunn.com

- 32 -

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except as provided below.

United States Patent Nos. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); and 8,895,612 ("the '612 patent") were the subject of now-closed proceedings including those cases consolidated under the matter *VIFOR (INTERNATIONAL) AG et al v. MYLAN LABORATORIES LTD.* et al., 3:19-cv-13955-FLW-DEA.  The Defendants in this matter were not involved in those cases.

United States Patent No. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502 patent") are currently the subject of proceedings before this Court consolidated under the matter *AMERICAN REGENT, INC. F/K/A LUITPOLD PHARMACEUTICALS, INC. v. MSN LABORATORIES PRIVATE LIMITED et al.*, 24-10674.  The Defendants in this matter are not the same Defendants in this case.

United States Patent No. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502 patent") were the subject of now-closed proceedings before this Court in *VIFOR (INTERNATIONAL) AG et al v. DR REDDY'S LABORATORIES, LTD. et al.*, 3:24-cv-06833-GC-JBD.  The Defendants in this matter were not involved in that case.

United States Patent No. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502 patent") are currently the subject of proceedings in *VIFOR (INTERNATIONAL) AG et al v. APOTEX INC. et al.*, 1:25-cv-00211-UNA (D. Del.).   The Defendants in this matter are not involved in that case.

United States Patent No. No. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and

11,478,502 ("the '502 patent") are currently the subject of proceedings before this Court in *VIFOR (INTERNATIONAL) AG et. al v. ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.,* 3:25-cv-16735-GC-JBD and *VIFOR (INTERNATIONAL) AG et. al v. ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.,* 3:25-cv- 15336-GC-JBD.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 21, 2025                    */s/ Cynthia S. Betz*
                                            Cynthia S. Betz